**NATIONWIDE ADVERTISING SERVICE, INC., Appellant,**

v.

**NATION-WIDE EMPLOYMENT AGENCIES, INC., Appellee.**

**Patent Appeal No. 8830.**

United States Court of Customs
and Patent Appeals.

Jan. 18, 1973.

Bosworth, Sessions, Herrstrom & Cain, Cleveland, Ohio, attorneys of record, for appellant; Wesley B. Taylor, Cleveland, Ohio, of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, reported in full at 166 USPQ 156 (1970), dismissing appellant's opposition to the registration of a service mark. We affirm.

Appellee filed application serial No. 244,843 May 3, 1966, to register the following composite mark for "employment agency services":

[A8004]

In response to a requirement of the examiner, appellee disclaimed "The words 'Nation-Wide Employment Agencies Inc.' and the representation of the map of the United States * * * apart from the mark as shown."

Appellant's opposition is based on its prior use of the word "NATIONWIDE" and a map design and a composite of the two, as shown below, for "the preparation and/or listing of classified advertisements in newspapers":

[A8005]

Priority in appellant is conceded. Because the ads prepared by opposer relate "among other things, to the recruitment of employees for its clients," the board found that "the identification of services in applicant's application is clearly broad enough to comprehend certain aspects of the services performed by opposer * * *." Nevertheless, the board held that concurrent use of the marks of the parties would not be likely to cause confusion or mistake or to deceive, within the meaning of 15 U.S.C. § 1052(d). As the board's opinion shows, the basis of the holding was the descriptiveness of the word "Nationwide," in whichever way displayed, and the similar descriptiveness of the map of the United States when used in conjunction therewith.

To support its holding of descriptiveness, the board said, "as further shown by the record in this case, the term 'NATIONWIDE' forms a part of numerous trade names for diverse business enterprises." It cited applicant's Exhibit E which is a page from the Boston, Massachusetts, telephone directory on which appears appellee's name along with ten other "Nationwide" businesses, obviously rendering services of various kinds. Because of the descriptiveness and perhaps also because of the use by many others, the board found the word and the map did not indicate origin of the services in opposer in the absence of any evidence to the contrary tending to establish "secondary meaning."

The sole question in this case, of course, is whether the concurrent use of the marks above illustrated in connection with the services of the respective parties is likely to cause public confusion, mistake, or deception as to the origin of the services. We do not think that such use would confuse the public into thinking that Allen Wall's employment agency services come from the same organization as appellant's advertising service, which consists in preparing and placing classified advertisements in newspapers. The similarities in the marks, such as they are, rather give the impression that the services of both parties are on a nationwide basis. The nation being the United States, the use of the map obviously augments that impression. We agree with the board that the common features of the marks relied on by appellant are thus descriptive rather than indicative of ori-

gin. Apart from those common descriptive features, we find the marks, considered as a whole, to be distinctively different.

The decision of the board is affirmed.

Affirmed.